**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

LUCINDA MASSEY,

                       Plaintiff,

    - v -                                      Civ. No. 1:20-CV-848
                                                              (GLS/DJS)

LINCOLN LIFE & ANNUITY COMPANY OF
NEW YORK,

                       Defendant.

**APPEARANCES:**                                    **OF COUNSEL:**

RAMOS LAW                                    IVAN A. RAMOS, ESQ.
Attorney for Plaintiff
255 Main Street
Suite 401
Hartford, CT 06106

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION AND ORDER

       Plaintiff commenced this action by filing a Complaint. Dkt. No. 1, Compl. The Clerk sent the Complaint to the undersigned for review in accord with 28 U.S.C. § 1915(e). Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain a complaint

before permitting her to proceed further with her action. Generally, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Complaint before the Court alleges that while Plaintiff was employed by a third-party, Defendant issued a long term group disability policy covering Plaintiff. Compl. at ¶¶ 7-11. Plaintiff further alleges that during the time when the policy was in effect, she became disabled. *Id.* at ¶ 14. Defendant is alleged to have approved a disability benefits claim by Plaintiff, *id.* at ¶ 16, but then terminated the benefits. *Id.* at ¶ 17. The Complaint alleges that benefits continue to be owed to Plaintiff and seeks relief under the Employee Retirement Security Act of 1974, commonly known as ERISA. *Id.* at ¶¶ 22-28.

The scope of review here is limited to whether Plaintiff has alleged an arguable claim, not whether Plaintiff can ultimately prevail. At this early stage of the proceedings, the Complaint makes sufficient allegations to warrant a responsive pleading from Defendant.

**ACCORDINGLY**, it is hereby

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) be accepted for filing and that this case be allowed to proceed; and it is further

**ORDERED**, that the Clerk shall issue a summons and forward it to Plaintiff's counsel for purposes of serving Defendant; and it is further

**ORDERED**, that a response to the Complaint be filed by Defendant, or its counsel, as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order upon Plaintiff's counsel.

Date:  September 4, 2020
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge